UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GREGORY WEBSTER and LISA WEBSTER,

                                                Docket No.:

                       Plaintiffs,

          -against-                           **VERIFIED COMPLAINT**

THE CITY OF NEW YORK,

                                               **JURY TRIAL DEMANDED**
                     Defendant.
------------------------------------------------------------------------X

      Plaintiffs Gregory Webster ("G. Webster") and Lisa Webster ("L. Webster") (collectively "Plaintiffs"), by and through their attorneys The Dweck Law Firm, LLP, complain of Defendant The City of New York ("Defendant"), and respectfully allege to this Court as follows:

## NATURE OF THE ACTION

      1.     Plaintiffs bring this action to recover damages for severe personal injuries and loss of consortium that Plaintiffs sustained on or about February 5, 2019, as a direct and proximate result of Defendant's negligence, without any negligence on the part of Plaintiffs contributing thereto.

      2.     Upon information and belief, Plaintiff G. Webster's injuries are continuing and include, but are not limited to, deep facial lacerations requiring surgical sutures, a commuted fracture of the nasal bones, dental pain, nerve damage, headaches, congestion, difficulty breathing, permanent scarring, pain, suffering and mental anguish.

## JURISDICTION AND VENUE

      3.     The jurisdiction of this Court is proper pursuant to 28 U.S.C. §1332 because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is this district is proper pursuant to 28 U.S.C. §1391 because the acts and omissions giving rise to the claims asserted by Plaintiffs occurred in this district.

## PARTIES

5. Plaintiffs are now, and at all times hereinafter mentioned were, husband and wife, and residents of Morris County, State of New Jersey.

6. Upon information and belief, Defendant The City of New York, is now, and at all times material to this action was, a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

7. This action has been commenced within one (1) year and ninety (90) days after the happening of the events upon which these claims are based.

8. Prior to the commencement of this action, on or around February 22, 2019, Plaintiffs duly filed with the New York City Comptroller's Office, a written verified Notice of Claim, setting forth the time, location and facts alleged herein upon which the instant action is based. The Notice of Claim was acknowledged by The City of New York, Office of the Comptroller, and assigned Claim No. 2019PI005713.

9. On or around May 6, 2019, Plaintiff G. Webster testified at a hearing pursuant to the General Municipal Law §50-H at the request of Defendant.

10. At this time, more than thirty (30) days have elapsed since Plaintiffs' Notice of Claim was filed and The City of New York has not adjusted the same and has failed and neglected to make any payment of such claims and causes of action.

## FACTUAL ALLEGATIONS

11. On or about February 5, 2019 at approximately 6:00 PM, Plaintiff G. Webster was a lawful pedestrian walking in a westerly direction within the designated pedestrian crosswalk on

the northern side of 7th Avenue and West 30th Street in the State of New York, County of New York (hereinafter the "Pedestrian Crosswalk").

12. Upon information and belief and at all times hereinafter mentioned, the Pedestrian Crosswalk was and still is a public thoroughfare.

13. Upon information and belief and at all times hereinafter mentioned, Defendant owns the public streets and pedestrian crosswalks in the State of New York, County of New York, including the Pedestrian Crosswalk referenced hereinabove.

14. Upon information and belief and at all times hereinafter mentioned, Defendant controls the public streets and pedestrian crosswalks in the State of New York, County of New York, including the Pedestrian Crosswalk referenced hereinabove.

15. Upon information and belief and at all times hereinafter mentioned, Defendant maintains the public streets and pedestrian crosswalks in the State of New York, County of New York, including the Pedestrian Crosswalk referenced hereinabove.

16. Upon information and belief and at all times hereinafter mentioned, Defendant manages the public streets and pedestrian crosswalks in the State of New York, County of New York, including the Pedestrian Crosswalk referenced hereinabove.

17. Upon information and belief and at all times hereinafter mentioned, the Pedestrian Crosswalk contained a dangerous defect and depression in the asphalt surrounding a manhole cover embedded within the Pedestrian Crosswalk.

18. Upon information and belief and at all times hereinafter mentioned, Defendant possessed actual and constructive notice of the dangerous defect and depression in the asphalt surrounding a manhole cover embedded within the Pedestrian Crosswalk.

19. Upon information and belief and at all times material to this action, while the Plaintiff G. Webster was a lawful pedestrian walking in the aforementioned Pedestrian Crosswalk, the man-made defect and depression in the Pedestrian Crosswalk caused Plaintiff G. Webster to fall to the ground, striking his nose and head forcefully against the pavement.

20. Upon information and belief and at all times material to this action, as a direct and proximate cause of the dangerous defect and depression in the Pedestrian Crosswalk, Plaintiff G. Webster sustained severe and continuing personal injuries, including, but not limited to, deep facial lacerations and contusions, including a laceration on Plaintiff G. Webster's nose requiring four surgical sutures. Plaintiff G. Webster also sustained a commuted fracture of the nasal bones, an S-shaped predominant leftward deviation of the nasal septum, nerve damage, dental pain, back pain, headaches, congestion, difficulty breathing, permanent scarring, pain, suffering, mental anguish, and other injuries which continue to date.

21. Upon information and belief and at all times material to this action, Plaintiff G. Webster's foregoing injuries occurred as the result of the negligence, carelessness, and recklessness of the Defendant, its agents, servants, lessees, contractors, and/or employees in the ownership operation, maintenance, repair, management, control, installation, construction and use of the Pedestrian Crosswalk where the complained of occurrence took place.

22. As a result of the aforementioned occurrence, Plaintiff G. Webster sustained severe personal injuries of a permanent and lasting nature, conscious pain and suffering, and was rendered sick, sore lame and disabled.

23. By reason of the foregoing, Plaintiffs have been damaged in a sum exceeding the jurisdictional limits of all lower courts.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Negligence)

24. Plaintiffs repeat and reallege each and every allegation contained within paragraphs "1" through "23" of the Complaint as though more fully set forth at length herein.

25. Upon information and belief and at all times material to this action, Defendant owned, operated, maintained and controlled the Pedestrian Crosswalk, as well as any and all construction and/or repair work performed thereon.

26. By virtue of Defendant's ownership, operation, maintenance and control, Defendant is responsible for monitoring the condition of the Pedestrian Crosswalk, including, but not limited to, the street cuts surrounding the manhole cover embedded within the Pedestrian Crosswalk, as well as keeping the Pedestrian Crosswalk in a reasonably safe condition, free of hazards, defects, and traps of any kind, for the protection of Plaintiff G. Webster and all others lawfully in or walking on the Pedestrian Crosswalk.

27. In addition to having a duty to maintain the Pedestrian Crosswalk in a reasonably safe condition, Defendant also possesses a duty to warn Plaintiff G. Webster and other lawful pedestrians of any dangerous conditions that exist thereon.

28. At all times material to this action, the defect and depression in the asphalt surrounding the manhole cover embedded within the Pedestrian Crosswalk constitutes an unlawful obstruction in the pedestrian walkway and created a dangerous condition, hazardous to the health and well-being of Plaintiff G. Webster and other lawful pedestrians.

29. Upon information and belief and at all times material to this action, the dangerous condition resulted from a number of negligent factors including, but not limited to, the abrupt change in elevation of the walking surface, Defendant's failure to make the Pedestrian Crosswalk flush with the surrounding walking surface, and the absence of any signs, fixtures, devices,

barricades, fencing or pedestrian traffic managers warning Plaintiff G. Webster and the public of the dangerous condition, thereby rendering it a trap.

30. The dangerous condition and/or trap was created and permitted to exist through the negligence, carelessness, and recklessness of Defendant, its agents, servants and/or employees, without any negligence on the part of Plaintiff G. Webster contributing thereto.

31. Defendant's negligence, carelessness and recklessness as aforedescribed, was the proximate cause of Plaintiff G. Webster's personal injuries, rendering him sick, sore, lame and disabled.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Loss of Consortium)

32. Plaintiffs repeat and reallege each and every allegation contained within paragraphs "1" through "31" of the Complaint as though more fully set forth at length herein.

33. At all times material to this action, Plaintiff L. Webster was and still is the lawful wife of Plaintiff G. Webster, with whom she has lived and cohabited throughout the course of their marriage, by whom she is supported, and to whose services, aid and society she is entitled.

34. As a result of the aforedescribed negligence, carelessness, and recklessness of the Defendant, Plaintiff L. Webster has been deprived of the comfort, aid, society, and consortium of her husband, Plaintiff G. Webster, all to her damage in a sum as may be determined at the trial of this action.

35. Upon information and belief, the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs Gregory Webster and Lisa Webster demand judgment against Defendant The City of New York, in a sum to be determined by a jury at the trial of this action,

together with the costs and disbursements of this action, and such other and further relief as this Court may deem just and proper.

                               **THE DWECK LAW FIRM, LLP**
                               *Attorneys for Plaintiffs*

                               By: /s/ Christopher Fraser
                               Christopher S. Fraser (CF 7590)
                               10 Rockefeller Plaza, Suite 1015
                               New York, New York  10020
                               Telephone:     (212) 687-8200
                               Fax:               (212) 697-2521
                               Email:            cfraser@dwecklaw.com